**TAG, Plaintiff-Appellant, v. LINDER, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7164.    Decided October 31, 1949.

Sol. Goodman, Albert R. Fingerman, Cincinnati, for plaintiff-appellant.

Paul J. Crone, Cincinnati, for defendant-appellee.

**OPINION**

By ROSS, PJ.:

Appeal upon questions of law from a judgment of the Court of Common Pleas, dismissing the action of plaintiff, at the close of the evidence.

The plaintiff brought an action against his landlord alleging a rental charge in excess of a maximum permitted by and under the provisions of an act of Congress, and praying for the recovery and penalties permitted thereunder. The plaintiff was in error in that he predicated his request for relief under an act of Congress enacted in 1942, later repealed, when under the Act of 1947 he was entitled to such relief if the facts alleged in his petition were sustained by evidence. The trial court concluded and found that it was without jurisdiction to entertain the action because of the mistaken conception of the plaintiff as to the appropriate act of Congress and dismissed the petition of plaintiff solely upon that ground.

In taking such action the trial court was in error.

As far as the allegations of the petition identified a particular act of Congress as furnishing a remedy, such allegations amounted to mere conclusions of law and had no place in the petition and should be treated as surplusage.

The issues in an action are created by the factual allegations in a petition.

In **Schaefer v. First Natl. Bank, 134 Oh St, 511,** at page 520 of the opinion it is stated:

"When the plaintiff pleads all the facts the court should give him the relief he ·is entitled to, whether in equity or by declaratory judgment; even the prayer is not controlling. **Riddle & Parker v. Roll, 24 Oh St, 572; Tiffin Glass Co. v. Stoehr, 54 Oh St, 157, 163, 43 N. E. 279; State, ex rel. Masters v. Beamer, 109 Oh St, 133, 151, 141 N. E., 851.**"

See, also: **Cook v. Crider, 63 Oh Ap, 12,** at page 16.

In **Allen v. Railway Co., 57 Oh St, 79,** at page 85 of the opinion it is stated:

"A petition which contains all the facts necessary to bring the plaintiff within the rights granted by statute, is good, even though it avers other, but not contradictory, facts, not necessary to the right of recovery. In such cases the additional facts will be regarded as surplusage, and need not be established on the trial."

Section 58, "Pleading" Vol. 31, O. Jur., p. 597, states:

"It is an elementary principle of Code pleading that, in order to sustain a cause of action, all of the operative ultimate facts essential to the cause of action must be pleaded; that is, such facts as, under the substantive law, operate to invest one with a right, or divest another of a right, or to show a wrongful interference with an existing right. It is, however, neither necessary nor proper to state the legal obligation; it is only necessary to plead the operative facts which show that the pleader is entitled to the relief sought, even though the relief sought may be predicated upon one or more grounds; the pleader must not characterize the facts alleged, or classify them under the respective nominal grounds of such relief, although in practice the custom is, in nearly all pleadings, to characterize the operative facts and classify them. The pleading is addressed to the court, and it becomes the duty of the court to add the law to the operative facts. Even though, as stated elsewhere, it is an elementary principle in pleading that where a statute, upon certain conditions, confers a right or gives a remedy unknown to the common law, the party asserting the right or availing himself of the remedy must, in his pleadings, bring himself or his case clearly within the statute, it is well settled that the pleader should state only the operative facts which bring the case within the rule or duty created by the statute. It is unnecessary to plead a public statute of Ohio or of the United States. In other words, a petition states a good cause of action if its allegations can be fairly construed to show any dereliction of the duty defined by the statute, proximately resulting in injury and damage to the plaintiff, without pleading the terms of the statute. A petition which contains all the facts necessary to bring the plaintiff within the rights granted by statute is good even though it avers other, but not contradictory, facts, not necessary to the right of recovery. In such cases the additional facts will be regarded as surplusage, and need not be established on the trial."

See, **Warner v. Industrial Commission, 69 Oh Ap, 374,** at **384.**

In **Gerend v. City of Akron, 137 Oh St, 527,** at page 532 of the opinion Section 58 (Id.) is quoted with approval.

Section 203 (a) of The Housing and Rent Act of 1947, as amended and in force at the time the cause of action stated in the petition arose, provides:

"After the effective date of this title, no maximum rents shall be established or maintained under the authority of the Emergency Price Control Act of 1942, as amended, with respect to any housing accommodations."

Section 204 of such Act provides in part:

"(a) The Housing Expediter shall administer the powers, functions, and duties under this title; and for the purpose of exercising such powers, functions, and duties, and the powers, functions, and duties granted to or imposed upon the Housing Expediter by title 1 of this Act, the Office of Housing Expediter is hereby extended until the close of March 31, 1949.

"(b) (1) Subject to the provisions of paragraphs (2) and (3) of this subsection, during the period beginning on the effective date of this title and ending on the date this title ceases to be in effect, no person shall demand, accept, or receive any rent for the use or occupancy of any controlled housing accommodations greater than the maximum rent established under the authority of the Emergency Price Control Act of 1942, as amended, and in effect with respect thereto on June 30, 1947;"

Section 205 (Id.) provides in part:

"Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment, for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: Provided, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation."

It would appear, therefore, that the plaintiff stated a cause of action, of which the court had jurisdiction of the subject-

matter, and that the petition of plaintiff was erroneously dismissed.

Judgment reversed and the cause remanded for further proceedings according to law.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion & judgment.