JACKSON, APPELLANT, *v.* KURTZ ET AL., APPELLEES.

[Cite as Jackson v. Kurtz (1979), 65 Ohio App. 2d 152.]

(No. C-780443—Decided December 12, 1979.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee* and *Mr. James E. Melle,* for appellant.
*Mr. William J. Brown,* attorney general, and *Mr. Terence Gray Jones,* for appellees.

BLACK, J. Plaintiff-appellant, Arlee M. Jackson, appeals from the dismissal of her complaint under Civ. R. 12(B)(6), thus presenting the question whether under her allegations she can prove any set of facts entitling her to relief. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242; *Conley* v. *Gibson* (1957), 355 U. S. 41, 45 to 46. We reverse the judgment because one of plaintiff's "counts" states a claim under Section 1983, Title 42, U. S. Code, upon which relief can be granted.

Plaintiff was suspended for three days without pay from her permanent position in the classified civil service of Ohio at Longview State Hospital, allegedly for falsifying the reason she was absent from work on a certain day. Plaintiff alleges that she called in that morning and advised the authorities that she would not cross a picket line. She further states that while this reason was originally noted on the hospital records, defendants Myers R. Kurtz (Superintendent) and Pauline Pryor (Labor Relations Specialist) allegedly caused this record to be falsely changed to show that she called in sick and that this change was made with intent to do her harm and damage. She says that she was later ordered to a disciplinary hearing without notice of the specific charges against her; that she was given no opportunity to give evidence on her behalf other than her own statements; that she was not permitted to compel the attendance and testimony of unwilling witnesses; and that the authorities who investigated and brought the charges also sat in judgment on them.

Plaintiff sued defendants Kurtz and Pryor for damages in the amount of three days' pay, expungement of the suspension from her personnel file, punitive damages, costs and attorney fees. She alleged three "counts": a right to recover personally

against defendants under Section 1983, Title 42, U. S. Code (hereinafter Section 1983); a violation of contractual rights under the collective bargaining agreement between her union and the state; and a violation of her equal protection rights under the United States Constitution. Plaintiff presents four assignments of error. The last three are subsumed under the first one, the substance of which is that the court erred in dismissing the complaint.[1] We will first consider whether the second or third count states a claim on which relief can be granted.

The claim based on contractual violation (second count) has no validity. A public employee holds his position as a matter of law and not of contract. *Fuldauer* v. *Cleveland* (1972), 32 Ohio St. 2d 114; *State, ex rel. Gordon*, v. *Barthalow* (1948), 150 Ohio St. 499. The discipline of an employee in the classified service is governed exclusively by statute. See *Anderson* v. *Minter* (1972), 32 Ohio St. 2d 207. The statutory scheme is sufficiently complete and specific to provide the exclusive, non-negotiable scheme for reduction in pay or position, suspension or removal in the classified service. Dismissal of the second count was proper.

The claim based on equal protection rights (third count) is also without merit. Therein plaintiff alleged that she was disciplined in an unequal manner because the defendants did not suspend all employees who failed to report to work because they honored the picket line. If the third count is con-

---

[1] The four assignments of error are as follows:

"First Assignment of Error

"The trial court erred in granting Defendants' Motion to Dismiss because it does not appear beyond doubt from the face of the Complaint that Appellant could prove no set of facts entitling her to recovery."

"Second Assignment of Error

"The common pleas court erred in dismissing the Complaint because an allegation that Appellees, as superintendent and labor relations specialist at Longview State Hospital, violated her constitutional rights under the Fourteenth Amendment to the United States Constitution states a claim under 42 U.S.C. §1983."

"Third Assignment of Error

"The common pleas court erred in dismissing the Complaint because the Complaint alleged in Count II that Appellee breached the contract, a question of fact, which could only be determined after a hearing on the merits."

"Fourth Assignment of Error

"The common pleas court erred in dismissing the Complaint under Civil Rule 12(B)(1) because it had subject matter jurisdiction."

strued to assert a violation of constitutional rights as part of her claim under Section 1983, it is redundant because it makes the same allegations as the first count, hereinafter considered. On the other hand, if it is construed to assert an independent right to damages and expungement for violation of constitutional rights, it does not state a cause of action. Such an independent constitutional claim is not brought pursuant to enabling legislation which creates personal liability for unconstitutional official conduct and which authorizes both legal and equitable relief. This would be a suit against the state for violation of constitutional rights. *Anderson* v. *Minter, supra,* states in the first paragraph of the syllabus:

"A complaint filed in the Common Pleas Court by a civil service employee seeking to test the legality, under the provisions of R. C. 143.27 [now R. C. 124.34], of an order of the appointing authority suspending such employee for five days or less does not state a cause of action."

The Supreme Court, in *Anderson* v. *Minter, supra,* dismissed a complaint alleging, as does plaintiff in the third count, that the appointing authority was not entitled to suspend her for five days and demanding lost pay and expungement. The court stated that the legislature provided other remedies against appointing authorities who abuse their official power to suspend. We take it that the claimed illegality might include violations of constitutional as well as statutory requirements.

However, the instant complaint alleges a valid claim for relief in the first count because it sets forth a claim under Section 1983, which reads in full as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Plaintiff's allegations fall within the purview of this statute because she seeks redress against two persons in official positions under state law who allegedly deprived her of her liberty or property or both without due process as

guaranteed by the Fourteenth Amendment. The purpose of the statute is to give a remedy to parties deprived of rights arising under the Constitution and laws by an official's abuse of his position, especially where state law or state remedy is inadequate. *Monroe* v. *Pape* (1961), 365 U. S. 167. Assuming as we must that plaintiff's allegations of falsification and abuse are true, we find it inconceivable that she would be without any remedy whatsoever.

Redress under Section 1983 may be had in the form of damages against individual defendants notwithstanding the fact that they hold public office. *Scheuer* v. *Rhodes* (1974), 416 U. S. 232, 238. Redress may also be had by injunctive relief (expungement of the record). *Goss* v. *Lopez* (1975), 419 U. S. 565. Whether defendants are protected by a qualified official immunity is an issue not before us at this stage in the litigation, because that defense has not been raised, no answer having been filed by defendants before they moved to dismiss the complaint.

Plaintiff's claim under Section 1983 falls within the jurisdiction of the Court of Common Pleas because that court is one of original and general jurisdiction (Section 4, Article IV, Ohio Constitution; R. C. 2305.01) and because Congress allowed suits under Section 1983 to be brought in state courts as well as in federal courts. If exclusive jurisdiction over rights created by federal law is expressly lodged in the federal courts, state courts have no subject matter jurisdiction. *Fox* v. *Eaton Corp.* (1976), 48 Ohio St. 2d 236. But when Congress does not specify that jurisdiction shall be in the federal courts, state courts have concurrent jurisdiction. We have twice recognized such concurrent jurisdiction: as to certain rights under the Labor-Management Relations Act, in *General Electric Co.* v. *International Union* (1952), 93 Ohio App. 139, appeal dismissed (1953), 158 Ohio St. 555; and as to federal price and rent controls, in *Tag* v. *Linder* (1949), 87 Ohio App. 302.

Public policy appears to encourage us to accept subject matter jurisdiction of suits filed under Section 1983. Accepting jurisdiction gives aggrieved parties another forum in which to litigate their claims, one which may on occasion be more convenient. State courts should be as open to consider claims of abusive, invidious violations of constitutional rights as are the federal courts. Also, we find that a number of other states

have acknowledged jurisdiction over Section 1983 suits. *Brown* v. *Pitchess* (1975), 13 Cal. 3d 518, 531 P. 2d 772; *Commonwealth, ex rel. Saunders*, v. *Creamer* (1975), 464 Pa. 2, 345 A. 2d 702; *New Times, Inc.*, v. *Arizona Bd. of Regents* (1974), 110 Ariz. 367, 519 P. 2d 169; *Silverman* v. *University of Colorado* (1975), 36 Colo. App. 269, 541 P. 2d 93, reversed on other grounds (1976), 192 Colo. 75, 555 P. 2d 1155; *Dudley* v. *Bell* (1973), 50 Mich. App. 678, 213 N. W. 2d 805. See, also, *Long* v. *District of Columbia* (C.A.D.C., 1972), 469 F. 2d 927; *Young* v. *Bd. of Edn.* (D. Colo. 1976), 416 F. Supp. 1139; *International Prisoners' Union* v. *Rizzo* (E.D. Pa. 1973), 356 F. Supp. 806.

Plaintiff's allegations of inadequate notice and opportunity to defend and of the dual capacity as prosecutor and judge in which her superior acted are sufficient to demonstrate violations of procedural due process. (We note that plaintiff also makes a passing reference to violation of her equal protection rights in the first count, which is so ambiguous as to be subject to a motion for a more definite statement under Civ. R. 12[E].)

The issue remaining to be addressed is the identification of the interest in liberty or in property, if any, to which plaintiff was entitled and which cannot be taken away from her without due process. Protected interests are normally created and defined by a source independent of the Constitution, such as a state statute. *Bd. of Regents* v. *Roth* (1972), 408 U. S. 564. For instance, a legitimate property interest ("claim of entitlement" as it is sometimes called) may be created in a state employee if state law gives the employee a right to continued employment absent good cause for discharge. See *Connell* v. *Higginbotham* (1971), 403 U. S. 207. Also, Ohio high school students have a claim of entitlement under state law to an education, and the state cannot withdraw that right by suspending students for misconduct unless the procedures used are fundamentally fair. *Goss* v. *Lopez, supra.*

We hold that R. C. 124.34[2] gives employees in the classi-

---

[2] The pertinent paragraphs of R. C. 124.34 as effective when plaintiff was suspended (see 136 Ohio Laws 1206) were as follows:

"The tenure of every officer or employee in the classified service of the state and the counties, civil service townships, cities, city health districts, general health districts, and city school districts thereof, holding a position under this chapter of the Revised Code, shall be during good behavior and efficient service and no such officer or

fied service a right to tenure during good behavior and efficient service (claim of entitlement) that cannot be reduced, suspended or removed except for the certain specific causes therein listed. An employee suspended for five days or less (at the time of the plaintiff's suspension, but three days or less after a 1978 amendment, Am. H. B. No. 47, effective March 13, 1978) is not entitled to a copy of the suspension order stating reasons and has no right of appeal to the State Personnel Board of Review and thence to the courts. Nevertheless, such employee cannot be suspended for even one day without good cause (that is, for one of the causes specifically listed in R. C. 124.34). *Anderson* v. *Minter, supra,* at page 211; *Thompson* v. *Collins* (U. S. District Court, Southern District of Ohio No. C-2-76-382, August 26, 1977), unreported; *Boals* v. *Gray* (U. S. District Court, Northern District of Ohio No. C76-250, March 14, 1977), unreported. Suspensions of three or less or five days or less are not *de minimis* and may not be imposed in complete disregard of due process. Plaintiff

---

employee shall be reduced in pay or position, suspended, or removed, except as provided in section 124.32 of the Revised Code, and for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the director of administrative services or the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office. A finding by the appropriate ethics commission, based upon a preponderance of the evidence, that the facts alleged in a complaint under section 102.06 of the Revised Code constitute a violation of Chapter 102 of the Revised Code may constitute grounds for dismissal. Failure to file a statement or falsely filing a statement required by section 102.02 of the Revised Code may also constitute grounds for dismissal.

"In any case of reduction, suspension of more than five working days, or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. Such order shall be filed with the director of administrative services and state personnel board of review, or. the commission, as may be appropriate.

"Within ten days following the filing of such order, the employee may file an appeal, in writing, with the state personnel board of review or the commission. In the event such an appeal is filed, the board or commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the board or commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority.

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."

had two rights: a property right in unabused employment and a liberty right to be free from defamation directly affecting such employment. *Goss* v. *Lopez, supra.*[3] Compare *Paul* v. *Davis* (1976), 424 U. S. 693.

Defendants cite *Anderson* v. *Minter, supra,* for the proposition that the three-day suspension cannot be attacked collaterally in the Court of Common Pleas. The true holding of that case is that the Ohio legislature provided no procedure for direct appeal from a minor suspension imposed by the appointing authority, and that the statutory authority for such suspension cannot be tested in Court of Common Pleas. However, *Anderson* does not hold that Courts of Common Pleas have no jurisdiction over a claim under Section 1983, a federal statute. The case did not consider redress under Section 1983 for deprivation of due process in the course of being suspended.

For the same reason, *Anderson* does not prohibit the recovery under Section 1983 of monetary damages against the individuals who acted wrongfully. While the Supreme Court dismissed a claim for damages against another employee for falsely and wrongfully interfering with that plaintiff's employment, the court applied state law, not federal law.

Plaintiff's first, second and fourth assignments of error have merit, but the third is meritless. We reverse the judgment below and remand this cause for further proceedings.

*Judgment reversed*
*and cause remanded.*

KEEFE, P. J., and BETTMAN, J., concur.

---

[3] We do not believe it is our function to lay out at this time what procedures at the disciplinary hearing before the appointing authority will meet due process requirements when the suspension is for three days or less. The instant case was dismissed on the basis of an inadequate complaint, and under these conditions, we assume that plaintiff's allegations of denial of all due process are true. Whether those allegations can be proved true is a matter for determination at trial.