George SPITTAL, Plaintiff,

v.

Deborah PIPERNI, et al., Defendants.

No. C82–1783–A.

United States District Court,
N.D. Ohio, E.D.

Sept. 16, 1986.

George Spittal, pro se.

Jeffrey J. Jurca, Asst. Atty. Gen., Timothy J. Mangan, Atty. Gen., Columbus, Ohio, for defendants.

## ORDER

BELL, District Judge.

On February 10, 1986, the Sixth Circuit Court of Appeals remanded the above-entitled civil rights action to this court, 786 F.2d 1166, to address the issue of the due process the plaintiff received prior to his five-day suspension as a hospital aide at the Western Reserve Psychiatric Habilitation Center (W.R.P.H.C.) in light of *Boals v. Gray*, 775 F.2d 686 (6th Cir.1985). In addition, the circuit court remanded the issue of the constitutionality of Ohio Revised Code § 124.34. On June 30, 1986, this court conducted a pretrial wherein both parties requested permission to file cross-motions for summary judgment on the two issues remaining in this action. It is these motions which are presently before this court.

The uncontroverted facts in this action reveal that in June, 1982, Mr. Spittal was employed at W.R.P.H.C. as a hospital aide in the secured care ward. At that time, the plaintiff had filed an action in Summit County, Ohio Court of Common Pleas to prevent his employer from conducting a psychological test on him as provided under the Ohio Admin.Code. As a result of that state court action, the hearing judge ruled on June 17, 1982, that the Mr. Spittal should "be removed from his present assignment in the secured care ward of Western Reserve Psychiatric and Habilitation Center (W.R.P.H.C.) and transferred to an appropriate position in the discretion of W.R.P.H.C. pending resolution of the matter." *See* Exhibit 1 State Defendants' Motion for Summary Judgment. At this time, Mr. Spittal was represented by counsel and the order of the state court was entered with his attorney's approval.

On June 24, 1982, the plaintiff received a written memorandum which advised him that he was being temporarily reassigned to another ward at W.R.P.H.C. pursuant to the state court's order. *See* Exhibit 2 State Defendant's Motion for Summary Judgment. The plaintiff did not accept this assignment and thereafter informed the personnel department that he would not report as directed. This process was repeated on three separate occasions, wherein Mr. Spittal rejected each assignment given him by W.R.P.H.C. *See* Exhibits 3, 4 and 8 State Defendants' Motion for Summary Judgment. In the memorandum to Mr. Spittal dated July 12, 1982 from the Superintendent of W.R.P.H.C., the plaintiff was informed that "[f]ailure to comply with this reassignment may be grounds for insubordination and result in disciplinary action." Exhibit 8 State Defendants' Motion for Summary Judgment.

On July 15, 1982, when Mr. Spittal arrived at W.R.P.H.C. he was met by the superintendent who verbally ordered plaintiff to report to a new assignment. This order was refused. Immediately thereafter the plaintiff was notified that he was being suspended for five working days for insubordination. Specifically, the notice given to the plaintiff stated the reasons for the discipline as follows:

... On July 15, 1982 you were directed to go to Cottage 23D as a Temporary Reas-

signment, as well as a written order on July 12, 1982. Your refusal of this direct order by the Superintendent and the written order, your conduct in this matter constitutes blatant insubordination which can not and will not be tolerated by an employee. As a result you are being suspended for Five (5) working days. Effective July 15, 16, 17, 18, 19–R, 20, 1982. You will return to work on your regularly scheduled shift, Wednesday, July 21, 1982.

*See* Exhibit 12 State Defendants' Motion for Summary Judgment. This suspension was appealed by the plaintiff as provided in Ohio Revised Code § 124.34, to the State Personnel Board of Review which upheld the discipline. No further appeals within the state system were made by the plaintiff.

Throughout these events, Mr. Spittal always maintained that the state court's order of June 17, 1982, provided him a right of refusal of any reassignment at W.R.P. H.C. Hence, he could refuse to be reassigned without being insubordinate to the Superintendent. It should be noted that this right of refusal is not contained anywhere in the language of the state court's order. Instead, the court order provides that Mr. Spittal should be transferred to a position "in the discretion of W.R.P.H.C."

The first issue to be considered is whether, as a matter of law, plaintiff's right to due process has been violated by the five-day suspension. In *Boals v. Gray, supra,* which is factually similar to this action, a correctional officer at the Ohio State Reformatory was also given a five-day suspension for insubordination. The relevant facts in *Boals* as found by the district court are as follows:

When he [Boals] came to work the next morning, he took his position in the deputy's office. Captain Hartson came through the door and said. "Charlie Boals, What's happening?" Plaintiff had the parking ticket in his hand. He said, "Does Gray got you handing these out?" Hartson replied, "Yep, sure does." Plaintiff said, "Why don't you take this and tell him to stick it up his ass." Hartson said, "Okay" and took the ticket. Very shortly after that, plaintiff was told to go to defendant's office. He entered the office. Defendant was standing behind his desk. Hartson and another official, Charles Rowe, were seated behind plaintiff. Defendant asked him if he had seen the parking ticket before, if he had given it to Hartson, and if he had said defendant should stick it up his ass. Plaintiff responded "yes" to all those questions. Defendant immediately told him he had three days off for insubordination. Plaintiff then said, "Wait a minute. If this is the way it's going to be, I want the union representative, a lawyer. I want somebody here with me." Defendant said, "You have got five days off."

*Boals v. Gray,* 577 F.Supp. 288, 191 (N.D. Ohio 1983). The district court concluded that the failure of the superior to give Mr. Boals any notice prior to the meeting denied him of his right to due process and the court awarded damages on this issue.

On appeal the trial court's determination that Mr. Boals was denied procedural due process was reversed. Instead, the Sixth Circuit held that the procedure used to suspend Mr. Boals was not constitutionally defective since he was verbally informed of the charges against him and did not dispute any of the claims. *Boals v. Gray, supra,* 775 F.2d at 690–691. Hence, the circuit held that the notice was adequate and that there was no need to delay the suspension.

■ Applying the holding in *Boals v. Gray* to this action, the court must conclude that the plaintiff's right to due procedural process was not violated. Mr. Spittal, unlike Mr. Boals, was given four written notices as well as a verbal order by the superintendent that he was being reassigned pursuant to the state court order. Particularly, on July 12, 1982, the plaintiff was informed that any further failure on his part to comply with the orders of reassignment would result in appropriate discipline for insubordination. Thus, as a matter of law the plaintiff must be considered

to have received adequate notice that his failure to report to work as assigned would result in discipline.

In addition, the plaintiff was given a written notice which detailed the events underlying the charge of insubordination and an opportunity for a hearing before the State Personnel Board of Review. This notice complies with the requirements of procedural due process in that it informs the employer of the grounds for the suspension and thereafter provides him an opportunity to be heard. Further, since the charge was the refusal to comply with a direct order of the superintendent there was no need to delay the suspension.

The plaintiff did not ever deny the charges against him, and readily admits that he did not comply with the orders of his supervisor. Instead, he claims he had a reason for the refusal in that his interpretation of the state court order gave him the right of refusal. However, this reason for refusal is relevant only to the substance or merits of the charges being brought against the plaintiff. The reason he refused to comply with his supervisor's order does not impact upon any determination of the procedures used to administer discipline against this employee. Thus, the court concludes that the process afforded Mr. Spittal satisfied the requirements set forth in *Boals v. Gray, supra.*

▮ The second issue presented to this court concerns the constitutionality of § 124.34 of the Ohio Revised Code. Although this question was not addressed in *Boals v. Gray, supra* due to the plaintiff's lack of standing, Judge Kennedy did provide the following guidance with respect to the constitutionality of section 124.34:

> Even if plaintiff retained standing to have his claim decided by the District Court, it is clear that it is without merit. The statute is not unconstitutional on its face with respect to pre-short-term suspension procedures. As the District Court observed at the outset of this case, § 124.34 is silent with respect to such procedures. Nor is the statute unconstitutional in its application. The state

courts have acknowledged that even short-term suspensions are subject to the minimum requirements of due process. *Jackson v. Kurtz,* 65 Ohio App.2d 152, 416 N.E.2d 1064 (1979); *see also Cleveland Board of Education v. Loudermill,* [470] U.S. [532], 541–42, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (procedural due process is not conditioned by state statute that establishes substantive property interest in public employment). Moreover, plaintiff presented absolutely no evidence with respect to the procedures or lack thereof employed anywhere else in Ohio pursuant to § 124.34 or otherwise by which short-term suspensions are imposed. *Cf. Logan v. Zimmerman Bush Co.,* 455 U.S. 422 at 436–37, 102 S.Ct. 1148, 1158–59, 71 L.Ed.2d 265 [1982] (distinguishing " 'random and unauthorized act by a state employee,' " quoting *Parratt v. Taylor,* 451 U.S. 527, 541, 101 S.Ct. 1908, 1916, 68 L.Ed.2d 420 (1981), from an " 'established state procedure' that destroys his entitlement without according him proper procedural safeguards"). Finally, the statute is not unconstitutional on its face or as applied because it does not permit direct appeal of short-term suspensions. First, the state courts have held that although state law does not permit such an appeal, relief may be had under federal law pursuant to § 1983 where there has been a deprivation of due process. *Jackson v. Kurtz, supra.* Second, the fact that some suspensions may be "wrong," does not mean that the statute creates an unconstitutional irrebuttable presumption that such suspensions were for cause, as plaintiff contends, since such suspensions may only be imposed by some form of adjudicative procedure comporting with the minimum requirements of due process.

*Id.* at 697 n. 12. This court has reviewed with care the reasoning expounded by Judge Kennedy above and must concur in the conclusion that section 124.34 is not unconstitutional on its face, nor has it been

574

applied to Mr. Spittal in an unconstitutional manner.

The plaintiff was provided a complete, formal notice of the charge of insubordination at the time of his suspension and was given the opportunity to be heard and to present evidence at a board of review. Under such circumstances there is nothing in the record to support Mr. Spittal's claim that section 124.34 is constitutionally defective.

Accordingly, the court hereby grants the defendants' motion for summary judgment and enters judgment in favor of all remaining defendants.

IT IS SO ORDERED.