COOK, APPELLEE, *v.* MAXWELL; CITY OF NORWOOD, APPELLANT.

(No. C-880078—Decided
January 18, 1989.)

*Condit & Dressing Co., L.P.A.,*
*Charles T. Lester* and *James J. Condit,*
for appellee.

*Frances Sponzelli Lah,* assistant
law director, for appellant.

BLACK, P.J. The judgment appealed from reduced the period of suspension imposed on a city employee in the classified civil service, and awarded him back pay, compensatory damages for breach of contract, and attorney fees. The principal issues on appeal have to do with the relationship of the civil service laws to a labor contract entered into after the effective date of Amended Substitute Senate Bill No. 133 (S.B. No. 133), which established collective bargaining procedures for public employers and public employees. R.C. 4117.01 through 4117.23. Other issues are whether attorney fees can be awarded under the circumstances of this case and whether the court of common pleas employed the appropriate standard in its review of the order of the municipal civil service commission under R.C. 119.12.

Plaintiff-appellee Dennis Cook was discharged on November 1, 1984, by defendant Darrell Maxwell, Director of Safety-Service of the city of Norwood, for insubordination and neglect of duty. Cook was in the classified civil service of Norwood. He was also president and a steward of AFSCME Local 914, and had been on the union team that negotiated, and signed on or about April 16, 1984, a labor contract with the city effective for the calendar year 1984. The contract terms pertinent to the issues on appeal will be set forth below as they become crucial to our decision.

Cook's discharge stemmed from his refusal on October 18, 1984, to accept a work assignment because he insisted on "writing" four grievances during working hours ("on city time"). The discharge order was issued after a complete disciplinary hearing, and on this appeal, Cook does not contest the fact that he was guilty of insubordination and neglect of duty.

Cook appealed the discharge to the Norwood Civil Service Commission, which, after four hearings spanning a four-month period, found Cook to have been insubordinate and neglectful of duty, but modified the discharge to a suspension without pay for a period of seven and one-half months (from October 18, 1984 to June 2, 1985). The city had moved to dismiss the appeal on the grounds that the civil service commission had no jurisdiction over the matter because the labor contract provided grievance procedures up to and including arbitration. The motion was overruled.

Cook initiated an action in the

court of common pleas against the Director of Safety-Service and the city by filing a document that combined an appeal from the order of the civil service commission under R.C. 119.12 with a claim for breach of contract (including a demand for compensatory and punitive damages and attorney fees). The court heard legal arguments on the administrative appeal and then conducted an evidentiary hearing on the breach-of-contract claim. In its decision, set forth in a final judgment entry and a supplemental entry correcting prior entry, the court found that the city had failed to prove by a preponderance of the evidence that the director, the city or the commission had authority to suspend Cook for more than one working day under the terms of the labor contract,[1] "disaffirmed" the seven-and-a-half-month suspension imposed by the commission, and imposed a one-day suspen-

sion. The court then awarded Cook back pay of $11,673.76 ("as well as the loss of sick leave and vacation credits") with prejudgment interest, compensatory damages of $10,215.36 for breach of contract with prejudgment interest, and the sum of $5,500 "as compensatory damages for attorney fees incurred in pursuing reinstatement through the Civil Service Commission and were [sic] the natural and foreseeable consequence of the wrongful discharge of the plaintiff." The court did not find that either defendant acted maliciously and awarded no punitive damages. The action against Darrell Maxwell was dismissed at Cook's cost for failure to establish a claim against him.

The city appealed, presenting four assignments of error, the specific language of which will be considered later. In brief summary, the city makes two alternative and inconsistent

---

[1] Article X, "DISCIPLINARY PROCEDURE," reads in full:

"*ARTICLE X — DISCIPLINARY PROCEDURE*

"SECTION 1. The principle of progressive discipline shall be followed.

"SECTION 1A. Progressive steps shall be as follows: oral warning, written warning, (1) day, (3) days, (5) days, and then dismissal.

"SECTION 1B. Drunkenness or Dependency will be as follows: oral warning, written warning, (1) day, (3) days, (5) days, enter into a Drug or Alcohol rehabilitation program or dismissal, employee's choice.

"SECTION 2. No employee shall be disciplined (except oral reprimands and failure to qualify at the end of his probationary period) without a hearing by the Director of Public Works. Notice of the reasons for disciplinary action shall be given to the steward at least (2) working days prior to the date of the scheduled hearing. At his hearing the employee shall have the right to be represented by the Union. It

is the responsibility of the official hearing the charges to advise the employee of his right to representation before the date of the hearing.

"SECTION 3. An employee may appeal a written reprimand or suspension commencing at Step 2 of the grievance procedure.

"SECTION 4. Written departmental reprimands shall be removed from the employees [sic] personal records after (1) year. All other disciplinary actions shall be removed from the employees [sic] personal record after (3) years provided no suspension or other penalty greater than a written warning has been sustained against an employee in the (3) year period."

The evidence before the commission and the court was that Cook had had only an oral and a written warning and had not been suspended for one day prior to the discharge order. The civil service commission did not deem itself bound by the foregoing provisions, but the court gave them full force and effect.

arguments: first, that the court had no jurisdiction over the breach-of-contract claim because the labor contract "called for" arbitration of disputes; and second, that the court erred in holding that the civil service commission's statutory authority to modify a disciplinary order is subject to the terms of the labor contract. The city further argues that the court erred in awarding both double damages for breach of contract and attorney fees in a contract case.

We hold that Cook had no claim for breach of contract. It has been called a "universal rule" that a public employee does not hold his office *ex contractu* (that is, pursuant to contract in the sense of an agreement or bargain between him and the public), but *ex lege* (as a matter of law, or pursuant to statute). *Fuldauer* v. *Cleveland* (1972), 32 Ohio St. 2d 114, 61 O.O. 2d 374, 290 N.E. 2d 546; *State, ex rel. Gordon,* v. *Barthalow* (1948), 150 Ohio St. 499, 38 O.O. 340, 83 N.E. 2d 393; *Jackson* v. *Kurtz* (1979), 65 Ohio App. 2d 152, 19 O.O. 3d 105, 416 N.E. 2d 1064. In the absence of new law, the discipline of an employee in the classified civil service is governed exclusively by statute. See *Anderson* v. *Minter* (1972), 32 Ohio St. 2d 207, 61 O.O. 2d 447, 291 N.E. 2d 457.

S.B. No. 133 appears to have enacted "new law" that changes the governance of public-employee discipline. The Act itself does not impair the right and responsibility of a public employer to "suspend, discipline, demote, or discharge" employees, but the public employer may agree otherwise. R.C. 4117.08(C)(5). If the public employer agrees to final and binding arbitration of grievances, the parties are subject solely to that grievance procedure, and the civil service commission has "no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure." R.C. 4117.10(A).[2]

The instant labor contract does not, however, fall within these new provisions. While the union is recognized as the sole and exclusive bargaining representative of all the city's public-works employees, the city expressly reserved the rights to direct the work of its employees and "to suspend or discharge employees for just and proper cause." Further, the grievance procedure does not include final and binding arbitration. Article IX sets forth five steps of grievance procedure, which culminate in an arbitration if the union desires.[3] The instant labor contract fails, however, to

[2] *Rocky River* v. *State Emp. Relations Bd.* (1988), 39 Ohio St. 3d 196, 530 N.E. 2d 1, holds that R.C. 4117.14(I) (which makes binding a "final offer settlement award" made by a conciliator or conciliators about the termination or modification of a collective bargaining agreement, or the negotiation of an initial collective bargaining agreement) is unconstitutional on two independent grounds, but *Twinsburg* v. *State Emp. Relations Bd.* (1988), 39 Ohio St. 3d 226, 530 N.E. 2d 26, holds that R.C. Chapter 4117 is constitutional in all other respects. We do not reach the question in the instant case whether the provisions in R.C. 4117.10(A) that remove from civil service jurisdiction grievance matters that have been determined by a final and binding grievance procedure are constitutional.

[3] The fifth step of the grievance procedure in Article IX reads:

"STEP 5. If the grievance is not satisfactorily settled at Step 4, the Union may within thirty (30) calendar days after the receipt of the Step 4 answer, submit the matter to arbitration. If the parties cannot agree as to the arbitration then the Federal Mediation and Conciliation Service (FMCS) shall be contacted for a list of arbitrators. The Union shall strike the first name. Thereafter, each side alternately strikes a

make the arbitration decision final and binding on the parties. We hold that the labor contract does not control disciplinary procedures under these circumstances.

In sum, the labor contract failed to give rise to any contractual rights (either for Cook or for the city) that prevail over the statutory scheme for the disposition of appeals from disciplinary actions by the city. The civil service commission had jurisdiction of the appeal and was not bound by the labor contract. Accordingly, the trial court erred when it considered the breach-of-contract claim and awarded compensatory damages and attorney fees as "the natural and foreseeable consequence of the wrongful discharge of the plaintiff."

Turning to Cook's appeal from the civil service order, we hold that the trial court's review was erroneous in two respects. In the first place, an appeal to the common pleas court under R.C. 119.12 does not permit the court either to try the issues *de novo* or to substitute its judgment for that of the administrative agency. *Doelker* v. *Accountancy Board* (1967), 12 Ohio St. 2d 76, 41 O.O. 2d 328, 232 N.E. 2d 407; *Henry's Cafe, Inc.* v. *Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O. 2d 177, 163 N.E. 2d 678; *Mofu* v. *State Medical Bd.* (1984), 21 Ohio App. 3d 182, 21 OBR 194, 486 N.E. 2d 1169; *In re Blue Cross* (1974), 44 Ohio App. 2d 375, 73 O.O. 2d 418, 338 N.E. 2d

775, affirmed *sub nom. Blue Cross Hosp. Plan* v. *Jump* (1975), 44 Ohio St. 2d 78, 73 O.O. 2d 323, 337 N.E. 2d 783. The common pleas court functions in an appellate capacity under the statute and will affirm the administrative order complained of if the court "finds upon consideration of the entire record * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12. In the instant case, the common pleas court did not use this standard of review but appeared to consider the validity of the administrative order *de novo* when it imposed on the city the burden to prove by a preponderance of the evidence that the city, its director of safety-service or the civil service commission had authority to suspend Cook for more than one day.

In the second place, the labor contract under scrutiny does not prevail over the civil service statutes, and the provisions for "progressive discipline" do not remove from either the city or the commission the authority to impose such penalty as either might in its discretion deem proper.

We further hold the trial court erred when it awarded Cook back pay of $11,673.76. This award is based on the erroneous proposition that the commission could not suspend Cook for more than one day. We find nothing in R.C. 119.12 or elsewhere in the Revised Code that gives the com-

---

name from the list until one remains, (he shall be) [*sic*]. The fees and expenses of the arbitrator shall be borne equally by the City and the Union. Furthermore, the aggrieved employee, his Steward, Local Union President and any necessary witnesses shall not lose any regular straight time pay for time off the job while attending an arbitration proceeding. In the event a grievance goes to arbitration, the arbitrator shall have jurisdiction and/or [*sic*] application of the

provisions of this Agreement (including disciplinary action to the extent permitted herein) and/or compliance with the provisions of this Agreement, and in reaching his decision the arbitrator shall have no authority to add to or subtract from or modify in any way any of the provisions of this Agreement. The arbitrator shall issue a decision within thirty (30) calendar days after submission of the case to him (unless otherwise agreed to by the parties)."

mon pleas court the power to make such an award in an administrative appeal under R.C. 119.12.

As amended by Senate Bill No. 102 of the 140th General Assembly (S.B. No. 102), R.C. 119.12 provides that in an appeal thereunder, the court "shall award compensation for [reasonable attorney] fees in accordance with section 2335.39 of the Revised Code, to a prevailing party." We hold, however, that these provisions, which might otherwise validate the trial court's award of attorney fees of $5,500, are not applicable in this case, because Section 3(A) of S.B. No. 102 states that these provisions shall apply only "[t]o adjudication hearings that are both commenced and conducted on and after July 1, 1985." The instant hearings before the civil service commission were concluded before July 1, 1985.

The first assignment of error reads:

"The trial court erred in assuming jurisdiction over an action for breach of contract where the contract alleged to have been breached calls for disputes arising thereunder to be resolved by arbitration."

While we agree that the trial court erred in "assuming jurisdiction" over the claim for breach of contract, we do not agree that the reason for the error was that the contract contained provisions for arbitration. Therefore, we overrule the first assignment of error.

The second assignment of error reads:

"The trial court erred in finding that a municipal civil service commission's statutory authority to modify the order of an appointing authority pursuant to Ohio Revised Code 124.34 is abridged in the presence of a labor contract."

We sustain this assignment of error by reason of our conclusion that the instant labor contract does not supplant or prevail over the provisions of R.C. 124.34, and that the statute gave the Norwood Civil Service Commission the discretionary authority to review Cook's discharge and to modify it to a seven-and-a-half-month suspension without pay. As noted, we also hold that the common pleas court had no authority under R.C. 119.12 to award back pay.

The third assignment of error reads:

"The trial court erred in awarding damages in a breach of contract action beyond those damages arising out of the breach, thereby permitting the plaintiff to recover double the amount of his actual damages."

This assignment of error is grounded on the mistaken premises that Cook had a claim for relief for breach of contract and could recover compensatory damages of some nature. He could not. For that reason, we overrule this assignment of error. Cook had no claim for any contract damages.

We sustain the fourth assignment of error, which reads:

"The trial court erred in awarding attorney fees in an action for breach of contract."

We reverse the judgment below in its entirety. We dismiss Cook's claim for breach of contract and his associated demand for compensatory and punitive damages and attorney fees. We remand this case to the court of common pleas for review under R.C. 119.12 of the order dated June 7, 1985, of the Civil Service Commission of the city of Norwood, Ohio.

*Judgment reversed
and cause remanded.*

DOAN and KLUSMEIER, JJ., concur.