70

THE STATE, EX REL. CARSON ET AL., *v.* JONES ET AL., PORTAGE COUNTY BOARD OF ELECTIONS.

[Cite as State, ex rel. Carson, v. Jones (1970), 24 Ohio St. 2d 70.]

(No. 70-588—Decided October 21, 1970.)

*Messrs. Milligan & Milligan* and *Mr. H. W. Kane,* for relators.

*Mr. R. J. Kane,* prosecuting attorney, and *Mr. Chester A. Enlow,* for respondents.

*Per Curiam.* The first question presented by this case is whether the signing of another's name on an election petition, with the consent of such person and with the knowledge and permission of the circulator, invalidates only that signature or whether such act invalidates the whole part petition?

The determination of that question, and of the validity of that part petition, is controlled by R. C. 3501.38(D) and (F).

Subsection (D) reads as follows:

"No person shall write any name other than his own on any petition. No person may authorize another to sign for him."

That subsection would invalidate the signature itself.

Subsection (F) reads as follows:

"If a circulator knowingly permits an unqualified person to sign a petition paper or permits a person to write a name other than his own on a petition paper, that petition paper is invalid; otherwise the signature of a person not qualified to sign shall be rejected but shall not invalidate the other valid signatures on the paper."

Under that subsection, if the circulator knowingly allows a person to write a name other than his own on the petition, such event invalidates the whole part petition.

Respondent contends that the word "knowingly" imports that such act was done with fraudulent intent, and that in this case no such intent existed.

72

That subsection is clear on its face and requires no interpretation. It is presumed, in the absence of evidence to the contrary, that a legislative body uses words in their ordinary sense.

The word "knowingly," as used in the statute, is used in its ordinary and common meaning that one is aware of existing facts. The statute clearly prohibits one person from signing the name of another and provides that if this is done with the knowledge of the circulator that whole part petition is invalid.

Thus, regardless of the intent of the circulator or the parties, the signing of another's name with the knowledge of the circulator invalidates that whole part petition.

The determination that this part petition is invalid reduces the number of valid signatures presented to the board to 276, which is less than the necessary number to require the issue to be submitted to the voters.

It is unnecessary to consider the other questions raised by relator, inasmuch as the disqualification of this one part petition prevents the submission of the issue.

*Writ allowed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.