21079

**BRUNSWICK CAPITOL LANES,** Brunswick Corporation and Philip Wittenberg, Applicant for the benefit of the foregoing, Respondents, v. SOUTH CAROLINA ALCOHOLIC BEVERAGE CONTROL COMMISSION, Appellant.

(260 S. E. (2d) 452)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Edwin E. Evans,* Columbia, *for appellant.*

*Philip Wittenberg,* Sumter, *for respondents.*

November 7, 1979.

NESS, Justice:

This appeal is from an order holding that respondent Brunswick Capitol Lanes meets the requirements of Code § 61-5-20(4)(a) (1976), and therefore is entitled to a "mini-bottle license." We reverse.

Respondent operates a bowling alley which contains a snack bar and lounge. According to respondent's estimates, ten per cent of its gross revenues is derived from the preparation and sale of food, and eighty per cent from its bowling operations. Code § 61-5-20(4)(a) provides:

"(4) Except on Sunday, it shall be lawful to sell and consume alcoholic liquors and beverages sold in sealed containers of two ounces or less in any business establishment between the hours of ten o'clock in the morning and two o'clock the following morning, provided the establishment meets the following requirements:

(a) The business is *bona fide engaged primarily and substantially* in the preparation and serving of meals or furnishing of lodging . . ." (Emphasis supplied.)

Code § 61-5-10(1) (Cum. Supp. 1978), offers the following definitional guidance:

"As used in this article:

(1) *'Bona fide engaged primarily and substantially in the preparation and serving of meals'* shall refer only to such a *business* which has been issued a Class A restaurant license prior to issuance of license under this article and in addition provides facilities for seating not less than forty persons simultaneously at tables for the service of meals." (Emphasis supplied).

The word "primarily" means" of first importance" or "principally." *Malat v. Riddell,* 383 U. S. 569, 572, 86 S. Ct. 1030, 1032, 16 L. Ed. (2d) 102 (1966); Webster's Third New International Dictionary 1800 (1965); 33A Words and Phrases, 209-215. Respondent contends the fact he possesses a Class A restaurant license and seating capac-

ity for fifty-two qualifies it for a mini-bottle license. This is not the determinative factor; rather, the legislature has stated the critical test is whether the business is engaged "primarily and substantially in the preparation and serving of meals." We conclude a business which attributes only ten per cent of its gross revenues to food preparation and sale does not fulfill the "primary" and "substantial" requirement of the statute. Accordingly, respondent should not be granted a mini-bottle license.

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.