DECISION AND JUDGMENT ENTRY
Appellant Anthony Graham appeals the decision of the Athens County Court of Common Pleas, Juvenile Division, which awarded permanent custody of his son to Appellee Athens County Children Services.
Appellant makes three arguments: (1) the trial court failed to provide the juvenile court-appointed counsel; (2) the trial court failed to consider "the child's wishes and the child's best interest"; and (3) the trial court's judgment was against the manifest weight of the evidence. We affirm the decision of the juvenile court.
I. The Proceedings Below
This case involves the adjudication and disposition of a juvenile, Bud Rocky Graham, who was born to Appellant Anthony Graham and Elizabeth Graham on May 8, 1988.
In February 2000, Bud was placed in the care of Appellee Athens County Children Services (ACCS) by way of an emergency-custody order. At the time, Ms. Graham and appellant were separated and Bud was living with appellant.
Shortly thereafter, ACCS filed a complaint in the Athens County Court of Common Pleas, Juvenile Division, alleging that Bud was, inter alia, a dependent child, as defined in R.C. 2151.04.
In the meantime, Ms. Graham filed for divorce in the Morrow County Court of Common Pleas, Domestic Relations Division. The domestic-relations court granted the divorce, but because of the pending action in juvenile court, was unable to address the custody of Bud.[1]
In April 2000, the juvenile court held an adjudication hearing regarding ACCS's complaint. Bud was adjudicated a dependent child and temporary custody was granted to ACCS.
A case-plan was established for the reunification of Bud with appellant. The terms of this plan required appellant to do the following: obtain adequate housing, attend parenting classes, successfully complete substance-abuse treatment, and gain employment.
However, over the course of the next year, appellant consistently failed to demonstrate compliance with the terms of this case-plan; temporary custody of Bud was extended with ACCS at each of five review hearings held between May 2000 and April 2001.
In May 2001, ACCS filed a motion to modify the disposition of Bud with ACCS from temporary custody to permanent custody.
We note that, while the juvenile court provided Bud with a guardian ad litem, it did not provide him a court-appointed attorney. However, throughout these proceedings, Ms. Graham, appellant, and the guardian ad litem were each provided court-appointed counsel.
Over the course of three days in September and October 2001, a hearing was held on ACCS's motion.
At this hearing, myriad witnesses testified. Through the testimony of these witnesses, as well as the testimony of appellant himself, it was established that appellant lived in a trailer-home that did not have a telephone, electricity, water, or any other utilities. It was established that appellant is an alcoholic. Further, it was established that appellant has not had full-time employment in seventeen years and that he used Bud's social-security payments to support his household.
We note that Bud's guardian ad litem issued a recommendation to the trial court that Bud be permanently placed with ACCS.
In July 2001, the juvenile court held an in camera meeting with Bud. At this meeting, Bud expressed his wish to remain with his father, appellant herein.
In November 2001, the court issued its judgment, granting ACCS's motion and awarding it permanent custody of Bud.
II. The Appeal
Appellant timely filed an appeal and assigned the following errors for our review.
First Assignment of Error: "The trial court's failure to appoint counsel to represent Bud Rocky Graham was a violation of the child's right to due process of law and was prejudicial error."
Second Assignment of Error: "The trial court failed to properly consider the child's wishes and the child's best interest by granting permanent custody to Athens County Children Services."
Third Assignment of Error: "The decision of the trial court to grant permanent custody of Bud Rocky Graham to Athens County Children Services does not meet the requisite standard of proof and is against the manifest weight of the evidence."
A. Failure to Appoint Counsel
In appellant's First Assignment of Error, he argues that the trial court erred in failing to provide Bud court-appointed counsel. We disagree.
Juv.R. 4(A) sets forth the right of every party to counsel at "all stages of the proceedings * * *." Ferguson v. Lucas Co. Children Serv.Bd. (May 11, 1990), Lucas App. No. L-88-344; accord State ex rel. Asberryv. Payne, 82 Ohio St.3d 44, 1998-Ohio-596, 693 N.E.2d 794. Specifically, this rule provides the following:
"Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. When the complaintalleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child. This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute." (Emphasis added.) Juv.R. 4(A).
Juv.R. 2(X) defines the term "party," in the context of a juvenile-court proceeding, to include "a child who is the subject of a juvenile court proceeding * * *." Juv.R. 2(X); see Ferguson v. Lucas Co.Children Serv. Bd., supra.[2]
The right to counsel attaches as soon as a complaint is filed or the child is taken into custody pursuant to Juv.R. 6 which includes emergency-custody orders. See Juv.R. 2(F)(1) and (2).
Here, Bud's right to counsel attached when he was removed from his home, and he should have been advised of this right at his first court appearance. See R.C. 2151.352; Payne, supra.
Appellant argues that Bud was denied this right.
In response, ACCS argues, inter alia, that this assignment of error has been waived because appellant did not request that Bud be appointed counsel in the trial court. We agree.
Appellant relies heavily on a recent case issued by this Court which addressed the issue of a juvenile's right to counsel. In re Moody (June 28, 2001), Athens App. Nos. 00CA5 00CA6, like the case before us, involved the termination of parental rights after a child had been adjudicated dependent. We reversed the decision of the trial court terminating the appellants' parental rights, and found that the juvenile, as a party to the action, was entitled to the requested counsel pursuant to Juv.R. 4(A).[3]
However, unlike the case before us, the appellants in Moody requested the trial court to appoint counsel to the juvenile, and the trial court specifically denied this request. Here, appellant did not make such a request. Instead, he has raised this argument for the first time on appeal.
The Sixth District Court of Appeals addressed this precise issue in Inre Brittany T., Lucas App. No. L-01-1369, 2001-Ohio-3099. There, the appellate court explained as follows:
"Juv.R. 4(A) states that every party `shall have the right to be represented by counsel * * *.' It does not state that the trial court must appoint an attorney for every party. If an indigent party requestsan attorney, the trial court is of course required to appoint one. Thereis no evidence in the record of this case that a request was made forcounsel to represent the children. Pursuant to Juv.R. 4(A), the only time the trial court is required to appoint an attorney to represent a child is when the complaint alleges abuse. There was no allegation of abuse in this case and, therefore, the trial court was not required by Juv.R. 4(A) to appoint an attorney to represent the children." (Emphasis added.) Inre Brittany T., at ¶ 24.
We agree with and adopt this holding. Here, there was no allegation of abuse set forth in the complaint. Thus, the trial court was not required to unilaterally provide counsel to the juvenile. Accordingly, it was incumbent upon the parties themselves to request counsel to represent Bud.[4] As no such request was made, it cannot be said that the trial court erred in failing to appoint counsel for the child.
Moreover, appellant is precluded from making this argument to this Court because he failed to preserve any purported error by entering his objection below, and has failed to demonstrate plain error. See, generally, Goldfuss v. Davidson (1997), 79 Ohio St.3d 116,1997-Ohio-401, 679 N.E.2d 1099.
We overrule appellant's First Assignment of Error.
B. The Best Interest of the Child
In appellant's Second Assignment of Error, he argues that the trial court failed to consider "the child's wishes and the child's best interest" by granting permanent custody to ACCS. In appellant's Third Assignment of Error, he argues that the trial court's decision that it was in the best interest of Bud for permanent custody to be granted to ACCS, was against the manifest weight of the evidence. We will address these arguments together.
A juvenile court may terminate parental rights and grant permanent custody to an agency if it finds the following by clear and convincing evidence: (1) it is in the best interest of the child; and (2) the child has been in the temporary custody of a children services agency for twelve or more months of a consecutive twenty-two-month period which ends on or after March 18, 1999. See R.C. 2151.414(B); see Moody, supra. Appellant argues that the first element was not established by clear and convincing evidence. We disagree.
1. Failure to Consider the Child's Wishes
R.C. 2151.414(D) requires juvenile courts to consider specific factors in determining whether the child's best interests would be served by granting a motion for permanent custody. See In re Decker, Athens App. No. 00CA039, 2001-Ohio-2379. These factors include: (1) the interaction and interrelationship of the child with the child's family and others; (2) the wishes of the child, as expressed directly by the child or through the child's guardian ad litem; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement. See R.C. 2151.414(D).
We refuse to address appellant's argument that the trial court failed to consider the child's wishes. There is simply no evidence in the record that the trial court did not consider Bud's wishes. See, generally, Statev. Ramirez (1994), 98 Ohio App.3d 388, 648 N.E.2d 845 (explaining that, absent a contrary showing in the record, it should be presumed that the lower court considered the necessary criteria); accord Baughman v. OhioDep't of Pub. Safety Motor Vehicle Salvage (1997), 118 Ohio App.3d 564,693 N.E.2d 851.
We see no need to address this argument any further.
2. Manifest Weight of the Evidence
An appellate court will not reverse a civil judgment so long as the judgment is supported by some competent, credible evidence. See C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
However, such an analysis must be tempered by two long-standing principles. First, our review of the lower court's judgment must be highly deferential; the existence of "some" evidence will be sufficient to sustain the judgment and prevent a reversal. See Barkley v. Barkley
(1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989, 992; accord Cydrus v.Houser (Nov. 29, 1999), Ross App. No. 98CA2425.
Second, irrespective of whether the case is civil or criminal, "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; see, generally, Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273, 1276 (explaining that "the trier of fact is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and to use these observations in weighing the credibility of the proffered testimony"). Against this backdrop, we will evaluate the evidence adduced below.
A perusal of the record yields abundant evidence supporting the juvenile court's judgment that it was in Bud's best interest to grant permanent custody to ACCS. Appellant consistently failed to comply with the terms of his case-plan, that is, to obtain adequate housing, attend parenting classes, successfully complete substance-abuse treatment, or gain full-time employment. Specifically, the record establishes the following: appellant lives in a trailer-home without a telephone, electricity, water, or any other utilities; he is an alcoholic who has repeatedly avoided professional treatment; he has not had full-time employment in seventeen years and has admitted to using Bud's social-security payments to support his household.
In sum, we find ample evidence to support the trial court's judgment that it was in Bud's best interest to terminate appellant's parental rights and grant permanent custody to ACCS.
We overrule appellant's Second and Third Assignments of Error.
III. Conclusion
For the foregoing reasons, we overrule appellant's assignments of error and affirm the decision of the Athens County Court of Common Pleas, Juvenile Division.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Harsha, J.: Concur in Judgment Only.
[1] We note that there were two other children born to Ms. Graham and appellant. The domestic-relations court awarded custody of these children to Ms. Graham. These children are not the subject of, nor are they involved in, this appeal.
[2] It is important to recognize that the right-to-counsel analysis for juveniles is markedly different depending on the type of case. There is a different analysis for delinquency actions, and still another for abuse actions. See, generally, Ohio Juvenile Law (2001 Ed.), 255, Section 20.3; accord In re Gault (1967), 387 U.S. 1, 87 S.Ct. 1428.
[3] We note that, while there was not total agreement as to the application of this analysis in Moody, there was complete agreement regarding the appropriateness of this analysis in that case. See id. (Evans, J., dissenting) (agreeing with the majority's analysis, but finding that the appellant failed to adequately articulate prejudice).
[4] We do emphasize that the trial court, pursuant to R.C. 2151.352, must advise the juvenile of his right to request counsel. We decline to address whether this statute was followed in this case for two reasons: (1) the transcripts of the hearings necessary to make this determination were not submitted as part of the record; and (2) no argument regarding this issue was made to this Court.