OPINION
{¶ 1} This is an appeal from the judgment of the Painesville Municipal Court wherein appellant, Bonnie Kolat, was found guilty of violating the Painesville Township Zoning Resolution ("PTZR").
{¶ 2} Appellant was granted a B-3 zoning permit which allowed her to use the building located at 1657 Mentor Avenue as a retail store for the sale of gift baskets, flower arrangements, etc. However, appellant instead used the building primarily for the sale of instant bingo tickets.
{¶ 3} On February 8, 2001, the Painesville Township Zoning Inspector filed a complaint against Bonnie Kolat alleging that she was operating a Bingo business and/or Gambling business in violation of the following PTZR Sections: Section III, Subsection 3.01; Section XI, Subsection 11.02; Section VI, Subsection 6.04; and, Section XXIV, Subsection 24.01.
{¶ 4} PTZR Section III, Subsection 3.01 provides that it is "unlawful to erect, construct, reconstruct, enlarge, locate, change, maintain or use any building or structure or to use any land in violation of any regulation or any provision of this Resolution or any amendment thereto."
{¶ 5} PTZR Section XI, Subsection 11.02 states that a "zoning certificate shall be obtained before any construction, alteration, use or change of use * * * shall take place."
{¶ 6} PTZR Section VI, Subsection 6.04 provides that "[n]o building or structure shall be erected, converted, enlarged, reconstructed or structurally altered, nor shall any building or land be used for any purpose other than is permitted in the use district in which the building or land is located."
{¶ 7} PTZR, Section XXIV, Subsection 24.01 provides that only the enumerated uses are permitted in B-3 Commercial Districts. Subsection 24.01(A) provides that all uses of land and buildings permitted in B-1 Restricted Retail Districts and B-2 General Retail Districts are permitted in B-3 Commercial Districts.
{¶ 8} As noted, supra, appellant applied for a zoning certificate for the operation of a retail gift shop. The PTZR permits the operation of retail stores or shops, including, but not limited to, card and gift shops, in all B-1, and therefore, B-3 Districts. PTZR Section XXIV, Subsection 22.01(G)(7).
{¶ 9} A violation of the PTZR is a minor misdemeanor pursuant to PTZR Section IV, Subsection 4.01. After a trial, appellant was found guilty and fined $100. Appellant raises the following assignments of error for our review:
 {¶ 10} "[1.] The trial court erred when it denied the appellant's motion to dismiss * * *.
 {¶ 11} "[2.] The trial court erred in denying appellant's motion to dismiss since the zoning resolution is unconstitutionally void for vagueness as applied or on its face * * *.
 {¶ 12} "[3.] The trial court erred in finding the appellant guilty since the judgment was against the manifest weight of the evidence * * *.
 {¶ 13} "[4.] The trial court erred in finding appellant guilty since the judgment was not supported by the evidence."
{¶ 14} In her first assignment of error, appellant argues that the trial court erred in denying her motion to dismiss. The record reveals that, on May 9, 2001, appellant filed a motion to dismiss. In her motion, appellant argued: (1) the complaint did not charge an offense; (2) the zoning ordinance is unconstitutionally void for vagueness; and, (3) she was being selectively prosecuted, in violation of the Equal Protection Clause to the United States Constitution. A hearing was set for May 24, 2001, immediately prior to the trial. On May 22, 2001, an acting judge was appointed to the case for a single day, May 24, 2001.
{¶ 15} Immediately before trial, on May 24, 2001, the parties presented arguments with respect to appellant's motion to dismiss. Recognizing that the testimony to be presented during the hearing would be identical to that presented at the trial, the court decided to proceed with the first witness, rather than conduct a full hearing and then a full trial. Neither party objected. After the prosecution presented its case in chief, the trial court verbally overruled appellant's motion to dismiss and continued with the trial. Although the trial court did not separately address each issue contained in the motion to dismiss, it is presumed that each issue set forth in the motion was overruled.
{¶ 16} In criminal matters, a motion to dismiss can only raise matters that are "capable of determination without a trial of the general issue." Crim.R. 12(B); State v. O'Neal (1996), 114 Ohio App.3d 335, 336. Thus, in the criminal context, a motion to dismiss "tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either the state or the defendant." State v.Patterson (1989), 63 Ohio App.3d 91, 95. If the allegations contained in the indictment constitute offenses under Ohio criminal law, it is premature to determine, in advance of trial, whether the state could satisfy its burden of proof with respect to those charges, and thus, a motion to dismiss must be denied. Consequently, a pretrial motion, such as a motion to dismiss, must not entail a determination of the sufficiency of the evidence to support the indictment because such a determination cannot properly be made until, at the earliest, the conclusion of the state's case in chief and pursuant to a Crim.R. 29(A) motion. State v. Abercrombie (May 20, 2002), 12th Dist. No. CA2001-06-057, 2002 Ohio App. LEXIS 2408 at * 9.
{¶ 17} In the present case, appellant first asserts that the motion to dismiss should have been granted because her conduct, i.e., the sale of instant bingo tickets did not violate the PTZR. This issue of whether appellant was conducting a bingo/gambling business goes to an element of the charged crime, which is to be determined at trial, not by a motion to dismiss. Further, the allegations contained in the indictment constitute offenses under Ohio criminal law. Therefore, the trial court did not err in denying appellant's motion to dismiss.
{¶ 18} Next, appellant argues that the trial court erred in denying her motion to dismiss because the PTZR is void for vagueness. We will address the merits of this argument in our analysis of appellant's second assignment of error.
{¶ 19} Finally, appellant contends that the Painesville Township zoning inspector selectively prosecuted her because neither she, nor the PRISMA Center, the nonprofit corporation that receives the proceeds from appellant's instant bingo sales, are local residents. Appellant contends that other businesses that sell instant bingo tickets, including Crafts and Treasures, have not been prosecuted.
{¶ 20} "The burden of showing discriminatory enforcement is a heavy one and is not satisfied by a mere showing that other[s] similarly situated have not been prosecuted." Village of West Union v. Bischoff
(Mar. 13, 1997), 4th Dist. No. 96 CA 629, 1997 Ohio App. LEXIS 1249 at 11, citing Elsaesser v. Hamilton Bd. Of Zoning Appeals (1990),61 Ohio App.3d 641. Further, Deborah Rust ("Rust"), the zoning inspector for Painesville Township, attested that Craft and Treasures, was issued a cease and desist order with regard to the sale of instant bingo tickets, on the same day that appellant was issued such an order. Craft and Treasures was not prosecuted because it obeyed the cease and desist order. Consequently, appellant's first assignment of error is without merit.
{¶ 21} In appellant's second assignment of error, she argues that the PTZR is unconstitutionally void for vagueness in its application and on its face, because it fails to inform an ordinary person of prohibited conduct and vests too much discretion in the zoning inspector. Appellant contends that because the PTZR fails to define "card and gift shop" or "retail store," it gives the zoning inspector unfettered discretion to determine what is retail and, thus, leads to arbitrary enforcement of the PTZR. Further, appellant contends that the sale of instant bingo tickets is a retail sale to the ultimate consumer and, therefore, a permissible retail sale within the purview of the PTZR.
{¶ 22} Generally, a statute must provide "`fair notice' to those who must obey the standards of conduct specified therein." Baughman v.Ohio Dept. of Public Safety Motor Vehicle Salvage, 118 Ohio App.3d 564,574. A statute is not unconstitutionally vague if it is "written so that a person of common intelligence is able to determine what conduct is prohibited, and * * * provide[s] sufficient standards to prevent arbitrary and discriminatory enforcement." State v. Williams (2000),88 Ohio St.3d 513, 532, citing Chicago v. Morales (1999), 527 U.S. 41,56-57. However, a statute will not be declared void simply because it could have been worded more precisely. Id., citing Roth v. United States
(1957), 354 U.S. 476, 491.
{¶ 23} When interpreting a statute, "courts should apply commonly accepted tools of judicial construction and should indulge in every reasonable interpretation in favor of finding the statute constitutional." City of Toledo v. Ross (Aug. 31, 2001) 6th Dist. No. L-00-1337, L-00-1338, L-00-1339, L-00-1340, L-00-1341, and L-00-1342, 2001 Ohio App. LEXIS 3891, at *7, citing Perez v. Cleveland (1997),78 Ohio St.3d 376, 378-379.
{¶ 24} Appellant was granted a B-3 zoning permit allowing her to use the building located at 1657 Mentor Avenue as a retail store for the sale of gift baskets, flower arrangements, etc. B-3 zoning certificates, such as the one at issue in this case, are governed by PTZR Section XXIV, Subsection 24.01(A), which provides that all uses of land and buildings permitted in B-1 Restricted Retail and B-2 General Retail Districts are permitted in B-3 Districts. As noted, supra, retail stores or shops are a permitted use of land in all B-1 Districts, and therefore B-3 Districts. See PTZR Section XXII, Subsection 22.01(G). Although the PTZR fails to define retail shop, it lists fifteen types of permissible shops, including card and gift shops. Because the PTZR defines retail shop by way of listing permissible retail shops, including card and gift shops, appellant's argument that the PTZR fails to inform a person of what is permissible, must fail.
{¶ 25} Next, we will address appellant's assertion that the PTZR is void for vagueness because it fails to define the phrase "gift and card shop." It is well settled that words used in a statute are to be given their plain and ordinary meaning, unless otherwise indicated. OhioAssn. Of Pub. School Emp. V. Twin Valley Local School Dist. Bd. Of Edn. (1983), 6 Ohio St.3d 178, 181. Giving "card" and "gift" their plain and ordinary meaning, we conclude that a "card and gift shop" is one that sells cards and gifts, including floral arrangements and gift baskets, but not instant bingo tickets. Regardless of whether the sale of an instant bingo ticket constitutes a retail sale or even a gift, appellant was granted a permit to sell "gift baskets, floral arrangements, etc." The evidence showed that appellant was primarily selling bingo tickets, not gift baskets or floral arrangements. We are not persuaded that appellant's use of the word "etc." authorized her to run an instant bingo operation. Accordingly, appellant's second assignment of error is without merit.
{¶ 26} We will next address appellant's fourth assignment of error, wherein she challenges the sufficiency of the evidence. When an appellate court examines a criminal conviction for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
{¶ 27} As noted above, the evidence demonstrated that appellant operated her retail store primarily for the sale of instant bingo tickets, a use not expressly authorized by her zoning permit. Appellant's permit authorized the retail sale of "gift baskets, floral arrangements, etc." Appellant's use of the term "etc." did not give her carte blanche to sell whatever she saw fit. Rather, the term "etc." simply allowed appellant to sell other retail items consistent with gift baskets and floral arrangements.
{¶ 28} Zoning Inspector Rust testified that she viewed appellant's retail shop and observed that "there was not a retail store selling gift baskets or flowers, but it was set up like an instant bingo." Indeed, the testimony and photographs reveal that the appellant's shop was set up for instant bingo sales, with just a small area containing a few gift items authorized by appellant's zoning permit.
{¶ 29} Lieutenant Ronnie Sparkman of the Lake County Sheriff's Office attested that he viewed appellant's shop and observed "bingo or games of chance being played." In the shop, he observed an area approximately "four foot high, maybe three foot wide with baskets and small arrangements, flower arrangements."
{¶ 30} The evidence reveals that the sale of instant bingo tickets was not merely an accessory use of the building, but instead comprised the majority of appellant's business. The PTZR specifically states that "[a]ccessory uses in a B-2 District shall be limited to uses that are clearly incidental and secondary to the main use of land and buildings. See PTZR, Section XXII, Subsection 22.02, Section XXIII, Subsection 23.03, and Section XXIV, Subsection 24.02. Thus, viewing the evidence in a light most favorable to the prosecution, a reasonable finder of fact could have found beyond a reasonable doubt that a zoning violation had been proved. Accordingly, there was sufficient evidence to convict appellant. Appellant's fourth assignment of error lacks merit.
{¶ 31} In appellant's third assignment of error, she argues that the judgment was against the manifest weight of the evidence. However, the arguments raised by appellant challenge the sufficiency, rather than the weight of the evidence.
{¶ 32} An appellate court reviewing a criminal verdict to determine whether it is against the manifest weight of the evidence: "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387; quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Upon review of the evidence, we cannot conclude that this is such a case.
{¶ 33} The evidence demonstrated that appellant was using the retail shop primarily for the sale of instant bingo tickets rather than for the sale of gift baskets and floral arrangements as authorized by her permit. Further, the evidence, including a letter to appellant from the zoning inspector, shows that appellant knew that the sale of instant bingo tickets was not permitted. Zoning Inspector Rust attested that appellant filed two applications for a zoning certificate. Appellant's first application, which was filed by appellant as the contractor/agent of Veteran Services Outreach, listed the intended purpose as fund-raising, including, but not limited to, promotions, instant bingo tickets, raffles, and other legal games of chance. Said application was denied by the zoning inspector on the basis that the type of operation described therein was not permitted in Painesville Township.
{¶ 34} Appellant's second application was not filed on behalf of a nonprofit organization. In the section denoted "Remarks", wherein appellant had previously listed her intended use of the building, she wrote: "Retail Store. Gift Basket Outlet. Flower Arrangements, etc" The zoning inspector granted appellant's second application, but added the following notation: "(1) permits are required prior to sign installation; (2) [appellant] must maintain compliance with [the] Painesville Township Zoning Resolution-all sections; and (3) no-non profit operations without permits/proof of status." Thus, it is clear that appellant knew that the sale of instant bingo tickets was not permitted by the PTZR, and not permitted by her zoning permit.
{¶ 35} We note that Chief Crosier of the Lake County Sheriff's office attested that he conducted a conference call with appellant and Prosecutor John Hawkins, who advised appellant that the sale of instant bingo tickets was permissible if conducted on behalf of a 501(C)(3) organization. Officer Crosier's testimony does not render the judgment against the manifest weight of the evidence because it is the duty of the zoning inspector, not the local police department, to enforce the PTZR. Appellant's fourth assignment of error lacks merit.
{¶ 36} Based on the foregoing reasons, the judgment of the trial court is affirmed.
WILLIAM M. O'NEILL, P.J., JUDITH A. CHRISTLEY, J., concur.