DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants Charles and Candy Christian appeal the judgment of the Athens County Court of Common Pleas, Juvenile Division, which granted Appellee Athens County Children Services' motion for permanent custody, thereby terminating appellants' parental rights regarding their minor children Richard, Candy Sue, and Charles Christian. Appellants argue that the juvenile court erred in that it failed to adequately consider all of the relevant factors in determining the best interests of the children. Appellants also argue that Athens County Children Services failed to make reasonable efforts to prevent the removal of the children from appellants' home.
 {¶ 2} For the reasons that follow, we disagree with appellants' arguments and affirm the judgment of the juvenile court.
 The Lower Court Proceedings {¶ 3} Appellant Candy Christian is the biological mother of Richard Christian, born August 7, 1995, Candy Sue Christian, born July 27, 1997, and Charles Christian, born May 11, 1999. Appellant Charles Christian is the biological father of Richard and Charles. The biological father of Candy Sue is unknown.
 {¶ 4} In May 2000, Athens County Children Services (ACCS) filed complaints in the Athens County Court of Common Pleas, Juvenile Division, asserting that Richard, Candy Sue, and Charles were neglected and dependent children. Specifically, ACCS alleged that Charles, the youngest child, was being assaulted by his older siblings and was exhibiting bruises and scratches from those assaults. ACCS also alleged that the two older children, Richard and Candy Sue, inappropriately touched one another by fondling each other's genitals. In addition, ACCS alleged that appellants were unable to control their children's behavior and that Richard assaulted his mother on several occasions, leaving bruises. ACCS sought temporary custody of the two older children and a protective supervision order for Charles.
 {¶ 5} In June 2000, after the appointment of a guardian ad litem for the children and counsel for the parents, ACCS and appellants filed an agreed judgment entry finding the children to be dependent. The entry granted temporary custody of Richard and Candy Sue to ACCS and a protective supervision order for Charles. In addition, appellants were ordered to ensure that Charles would continue to receive proper medical care and attend all doctors' appointments. Further, appellants were ordered to attend counseling, undergo a drug and alcohol assessment, and follow the recommendations of the counselors.
 {¶ 6} In September 2000, ACCS moved for an emergency order modifying the disposition of Charles from a protective supervision order to temporary custody to ACCS. Evidently, after consuming much alcohol, appellants had become embroiled in a verbal and physical altercation, resulting in Mrs. Christian allegedly throwing a knife at Mr. Christian, and Mr. Christian threatening to kill Mrs. Christian. Temporary custody of Charles was granted to ACCS.
 {¶ 7} Case plans were filed with the juvenile court presenting the reunification of the children with their parents as the ultimate goal. The case plans set forth certain desirable changes in the family environment that would enable the return of the children to appellants' care. For example, appellants were instructed to not smoke cigarettes around their children because two of them suffered from severe asthma. Also, psychological assessments and drug and alcohol screenings were conducted on appellants. In the meantime, several review hearings were held and ACCS's temporary custody of the children was extended each time.
 {¶ 8} Eventually, on December 26, 2001, ACCS filed a motion to modify the children's custody from temporary to permanent. A hearing was held on ACCS's motion, at which several individuals testified. The testimony at the hearing revealed that throughout the pendency of the custody proceedings, appellants failed to maintain steady employment, stable housing, or regularly attend mandated counseling. For example, Mr. Christian has not had full-time employment in more than two years and at the time of the hearing, Mrs. Christian had recently quit her employment as a delivery driver for a local pizza establishment. The appellants' sole source of income is a monthly social security disability payment of approximately $545 to Mrs. Christian, and they have changed residences at least eight times in the last two years. Additionally, appellants continued to routinely abuse alcohol and smoke marijuana. In fact, at one point, the juvenile court instructed appellants that if they had two consecutive drug screenings that tested negative for drugs or marijuana, the children would be returned to them for an extended thirty-day visit. However, appellants failed to meet the requirement for just two consecutive negative drug screenings.
 {¶ 9} At the conclusion of the hearing, the parties submitted proposed findings of fact and conclusions of law. On January 3, 2003, the juvenile court rendered its decision in favor of ACCS, granting the agency permanent custody of the children and terminating appellants' parental rights.
 The Appeal {¶ 10} Appellants timely filed separate notices of appeal, which this Court consolidated for all purposes. Mr. Christian filed his brief before this Court and Mrs. Christian subsequently moved that we consider her husband's brief as her own. Appellants present the following assignments of error for our review.
 {¶ 11} First Assignment of Error: "The trial court failed to adequately consider all relevant factors in making the `best interests' determination, especially whether a legally secure placement could be achieved without complete termination of parental rights."
 {¶ 12} Second Assignment of Error: "Athens County Childrens Services (ACCS) failed to prove by clear and convincing evidence that it made sufficient reasonable efforts to prevent the continued removal of the child from the home."
 I. Alternatives to Permanent Custody {¶ 13} In their First Assignment of Error, appellants assert that the trial court erred by failing to consider a less drastic remedy to the situation before it terminated appellants' parental rights. Specifically, appellants assert that through a "stringent" protective order, a secure placement of the children could have been obtained and appellants could continue to receive assistance from ACCS.
 {¶ 14} R.C. 2151.414(D) requires juvenile courts to consider specific factors in determining whether the best interests of the children would be served by granting a motion for permanent custody. See In reDecker, Athens App. Nos. 00CA39 00CA42, 2001-Ohio-2380 
2001-Ohio-2379; In re Graham, Athens App. No. 01CA57, 2002-Ohio-4411. These factors include: (1) the interaction and interrelationship of the children with family and others; (2) the wishes of the children, as expressed directly by the children or through the children's guardian ad litem; (3) the custodial history of the children; and (4) the children's need for a legally secure permanent placement and "whether that type of placement can be achieved without a grant of permanent custody to the Agency." See R.C. 2151.414(D).
 {¶ 15} We refuse to address appellants' argument that the trial court failed to consider whether legally secure placement of the children could be obtained without the grant of permanent custody to ACCS. There is simply no evidence in the record that the trial court did not consider placement of the children without the need for terminating appellants' parental rights. See, generally, State v. Ramirez (1994),98 Ohio App.3d 388, 648 N.E.2d 845 (explaining that, absent a contrary showing in the record, it should be presumed that the lower court considered the necessary criteria); accord Baughman v. Ohio Dep't ofPub. Safety Motor Vehicle Salvage (1997), 118 Ohio App.3d 564,693 N.E.2d 851; see, also, In re Graham, supra. Moreover, "`A trial court is not required to specifically enumerate each factor under R.C.2151.414(D) in its decision.'" In re Dyal, Hocking App. No. 01CA12, 2001-Ohio-2542, at fn. 3, quoting In re Heyman (Aug. 13, 1996), Franklin App. No. 96APF02-194. Nevertheless, the juvenile court's findings of fact and conclusions of law state in part that, "All three children are in need of a safe and permanent home which Charles and Candy Christian are unable and/or unwilling to provide." Accordingly, the juvenile court did consider whether the legally secure placement of the children could be obtained without the grant of permanent custody to ACCS.
 {¶ 16} Therefore, appellants' First Assignment of Error is overruled.
 II. ACCS's Reasonable Efforts {¶ 17} In their Second Assignment of Error, appellants assert that ACCS did not prove by clear and convincing evidence that it had made reasonable efforts to prevent the removal of the children from appellants' care.
 {¶ 18} R.C. 2151.419(A)(1) provides in part: "Except as provided in division (A)(2) of this section, at any hearing held pursuant to section2151.28, division (E) of section 2151.31, or section 2151.314, 2151.33, or 2151.353 of the Revised Code at which the court removes a child from the child's home or continues the removal of a child from the child's home, the court shall determine whether the public children services agency or private child placing agency that filed the complaint in the case, removed the child from home, has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home. The agency shall have the burden of proving that it has made those reasonable efforts. * * *. In determining whether reasonable efforts were made, the child's health and safety shall be paramount."
 {¶ 19} On its face, R.C. 2151.419(A) is not applicable to motions to modify a disposition to permanent custody pursuant to R.C. 2151.413. "Ordinarily, at the time of a R.C. 2151.413 filing, the agency will either have already complied with the requirement that it make a reasonable effort to return the child to its natural parent or parents, or the agency will have properly determined that any such effort would be futile, and the trial court will have made its findings accordingly." Thus, a children services agency is not required to prove compliance with R.C. 2151.419(A) when proceeding with a motion for permanent custody pursuant to R.C. 2151.413.
 {¶ 20} In the case sub judice, the juvenile court specifically found and stated in several journal entries prior to its granting permanent custody to ACCS, that the agency had made reasonable efforts to prevent the continued removal of the children from appellants' care. A perusal of the record reveals ample evidence in support of the finding that ACCS made reasonable efforts to avoid the continued removal of the children from appellants' care.
 {¶ 21} Therefore, we overrule appellants' Second Assignment of Error.
 Conclusion {¶ 22} Since appellants have failed to show that reversible error was committed in the trial court, we overrule their assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
Abele, J., and Kline, J.: Concur in Judgment Only.